# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Bank of America, N.A.,

    Plaintiff/Counter Defendant,

v.

Kirk D. Larson,

    Defendant/Counter Claimant,

Alexander Larson,

    Defendant,

Mary K. Larson,

    Defendant/Counter Claimant,

Property Investment Partners,

Midland Funding LLC, *as SUI to Citifinancial Auto Corp*,

Capital One Bank USA NA,

Wireless Receivables Acquisition Group LLC, and

Portfolio Recovery Associates, LLC,

    Defendants.

Case No. 17-cv-931 (JRT/TNL)

**REPORT & RECOMMENDATION**

Bradley N. Beisel and David J. Krco, Beisel & Dunlevy, PA, 730 Second Avenue South, Suite 282, Minneapolis, MN 55402 (for Plaintiff);

Kirk D. Larson, 2315 Carver Avenue, Maplewood, MN 55119 (pro se Defendant);

Alexander Larson, 2315 Carver Avenue, Maplewood MN, 55119 (pro se Defendant);

1

Mary K. Larson, 356 Ninth Avenue, Apartment 11, Saint Paul Park, MN 55071 (pro se Defendant);

Property Investment Partners;

Midland Funding LLC;

Capital One Bank USA NA;

Wireless Receivables Acquisition Group LLC; and

Portfolio Recovery Associates, LLC.

---

This matter is before the Court *sua sponte* to determine whether it was properly removed from state district court in Ramsey County, Minnesota, Case No. 62-CV-16-6654. A hearing was held on September 18, 2017. (ECF No. 35.) David J. Krco, Beisel Dunlevy, PA, appeared on behalf of Plaintiff Bank of America, N.A. ("BOA"). Defendants Kirk D., Alexander, and Mary K. Larson appeared *pro se*. There was no appearance by Defendants Property Investment Partners, Midland Funding LLC ("Midland Funding"), Capital One Bank USA NA ("Capital One"), Wireless Receivables Acquisition Group LLC ("Wireless Receivables"), and Portfolio Recovery Associates LLC ("Portfolio Recovery Associates").

Based on the files, records, and proceedings herein, and for the reasons stated below, it is recommended that this matter be remanded to state court for lack of jurisdiction and certain pending motions be stricken.

## I. BACKGROUND

This matter originated in state district court in approximately November 2016.[1] In essence, BOA seeks to enforce a mortgage purportedly given by Kirk D. and Mary K. Larson on certain real property. (Compl. ¶ 15, ECF No. 1-1). "For unknown reasons the . . . [m]ortgage is not recorded with the Ramsey County Recorder and the original copy of the . . . [m]ortgage cannot be located for recording." (Compl. ¶ 17.) BOA seeks declaratory relief on a number of grounds, including the recording of a copy of the mortgage, the establishment of an equitable lien on the property, the invalidity of a subsequent mortgage, a determination of priority, and that certain judgments not attach to the property. (Compl. ¶¶ 35-37, 38-40, 41-44, 45-48, 53-55.) BOA also brings a claim for unjust enrichment. (Compl. ¶¶ 49-52.)

There are several defendants in this matter. Kirk D. and Alexander Larson, both Minnesota residents, are identified as owners of the property. (Compl. ¶¶ 2-3.) Mary K. Larson, also a Minnesota resident, is identified as potentially having an interest in the property. (Compl. ¶¶ 4, 32.) Property Investment Partners is a "Minnesota entity," which may have a mortgage interest in the property. (Compl. ¶¶ 5, 24.)

Midland Funding, Capital One, Wireless Receivables, and Portfolio Recovery Associates all hold docketed judgments against either Kirk D. or Mary K. Larson and thus may have interests in the property. (Compl. ¶¶ 6-9, 33.) As identified in the Complaint, Midland Funding is a Delaware limited liability company. (Compl. ¶ 6.)

---

[1] Limited information regarding the state court action is available to this Court through the public "Minnesota Trial Court Public Access (MPA) Remote View," also known as "MNCIS," http://pa.courts.state mn.us/default.aspx.

Capital One "is a national association organized under the laws of the United States." (Compl. ¶ 7.) Wireless Receivables "is a limited liability company." (Compl. ¶ 8.) Portfolio Recovery Associates is a Delaware limited liability company. (Compl. ¶ 10.)

Mary K. Larson removed this matter on the basis of diversity and federal-question jurisdiction. (Notice of Removal, ECF No. 1 at 1.) Kirk D. and Alexander Larson also signed the Notice of Removal, indicating their consent to removal. (Notice of Removal ¶ 17.) Kirk D., Alexander, and Mary K. Larson have filed responsive pleadings. (*See, e.g.*, ECF Nos. 2-4, 6, 12, 15.) Kirk D. and Mary K. Larson have also filed counterclaims against BOA. (*See, e.g.*, ECF Nos. 3, 4, 6, 12, 15.)

Property Investment Partners, Midland Funding, Capital One, Wireless Receivables, and Portfolio Recovery Associates have not yet appeared in this matter. At an unrelated motion hearing, BOA's counsel represented that all of these defendants had been served. (Order at 4, ECF No. 29.)

Pursuant to its obligation to ensure that it has jurisdiction over this matter, this Court issued an order to show cause, setting a briefing schedule and hearing on whether this matter was properly removed from state district court. *See Guggenberger v. Starkey Labs., Inc.*, Nos. 16-cv-2021 (JRT/LIB), 16-cv-2022 (JRT/LIB), 2016 WL 7479542, at *5 (D. Minn. Dec. 29, 2016) ("Federal courts are obligated to examine and confirm the basis for their jurisdiction, even where neither party to the controversy has raised the issue.").

## II. ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A civil action brought in a state court over which a federal court has original jurisdiction may be removed to the proper federal district court. 28 U.S.C. § 1441(a); *Alliance Energy Servs., LLC v. Kinder Morgan Cochin LLC*, 80 F. Supp. 3d 963, 968 (D. Minn. 2015). Stated differently, removal from state court to federal court is appropriate only if the action could have been filed in federal court originally. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1226 (8th Cir. 2015); *Cent. Ia. Power Co-op. v. Midwest Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) [hereinafter *Central Iowa*].

Removal jurisdiction is narrowly construed and all doubts about federal jurisdiction must be resolved in favor of remand. *Central Iowa*, 561 F.3d at 912; *Alliance Energy Servs.*, 80 F. Supp. 3d at 968-69. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *accord Alliance Energy Servs.*, 80 F. Supp. 3d at 968 ("If the federal court determines that it does not have jurisdiction over a removed action, the action must be remanded to the state court from which the case originated.").

Mary K. Larson alleges that removal is proper based on the presence of a federal question and diversity of citizenship. "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction." *Central Iowa*, 561 F.3d at 912; *accord Alliance Energy Servs.*, 80 F. Supp. 3d at 968.

5

### A. Federal Question, 28 U.S.C. § 1331

Federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Removal based on 'federal-question jurisdiction is governed by the well-pleaded-complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Central Iowa*, 561 F.3d at 912 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal quotation marks omitted); *accord Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). BOA has not pleaded any federal claims in its Complaint. BOA further confirmed that it is not seeking relief under federal law, only "determinations of real property interests," in response to the Court's order to show cause. (Resp. to Mary Larson's Mem. in Supp. of Removal at 2, ECF No. 33.) "[A] plaintiff may avoid federal jurisdiction by exclusive reliance on state law." *Baker*, 745 F.3d at 923 (quotation omitted).

In the Notice of Removal, Mary K. Larson alleges that federal-question jurisdiction exists because the mortgage at issue is subject to federal regulation and "other Applicable Law that may include [the] Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Credit Reporting Act, [and] the Fair Debt Collection Practices Act." (Notice of Removal ¶ 5; *see* Mary K. Larson's Mem. in Supp. of Removal at 4, ECF No. 31.) In her memorandum in support of removal, Mary K. Larson goes so far as to state that "the complaint asserts that [BOA]'s rights flow from 'numerous federal registrations'" and the "[c]omplaint asserts that [BOA]'s rights flow

6

from 'numerous federal legal rights, ACT, regulations." (Mary K. Larson's Mem. in Supp. of Removal at 9, 10.) Although purportedly taken from the Complaint, the language quoted by Mary K. Larson does not appear in the Complaint. BOA's claims fundamentally concern the determination of real property interests, a matter of state law. *See, e.g.*, *In re Peet*, 529 B.R. 718, 719 (B.A.P. 8th Cir. 2015) ("State law determines the nature and extent of a debtor's interest in property."); *United States v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003) ("Ownership interests are defined by the law of the State in which the interest arose . . . ."); *Grantwood Vill. v. Mo. Pac. R.R. Co.*, 95 F.3d 654, 658 (8th Cir. 1996) ("We recognize that state law defines the nature of the property interest.").

Further, "[d]efendants may not inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Baker*, 745 F.3d at 924 (quotation omitted). "It is firmly established that a federal defense, including a preemption defense, does not provide a basis for removal, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue in the case.'" *Central Iowa*, 561 F.3d at 912 (quoting *Caterpillar Inc.*, 482 U.S. at 393); *accord Baker*, 745 F.3d at 924. Thus, to the extent Mary K. Larson may be asserting defenses based on federal law, this is not sufficient to confer federal-question jurisdiction. *Baker*, 745 F.3d at 924; *Central Iowa*, 561 F.3d at 912. Similarly, to the extent Mary K. Larson has asserted counterclaims against BOA based on federal authorities, this too is insufficient. *See, e.g.*, *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively

on federal substantive law, do not qualify a case for federal-court cognizance."); *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn. 2001) ("It is well-established that a defendant cannot remove based on a counterclaim.").

Mary K. Larson asserts that BOA is trying to "evade federal jurisdiction" and argues that its claims necessarily implicate federal issues. (Mary K. Larson's Mem. in Supp. of Removal at 7; *see* Mary K. Larson's Mem. in Supp. of Removal at 8-12.)  As best as this Court is able to tell, Mary K. Larson appears to be arguing that the doctrine of complete preemption applies to the instant case. "Complete preemption only applies where a federal statute 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal.'" *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) (alteration in original) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).  "A *complaint* purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden*, 556 U.S. at 61 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).  Thus, "[u]nder this so-called 'complete preemption doctrine,' a plaintiff's state cause of action may be recast as a federal claim for relief, making its removal by the defendant proper on the basis of federal question jurisdiction." *Id.* (quotation omitted).

Complete preemption is "quite rare" and has only been recognized in a handful of circumstances. *Johnson*, 701 F.3d at 248.  Mary K. Larson is correct that the United States Supreme Court has held that certain sections of the National Bank Act are

completely preempted. *Beneficial Nat'l Bank*, 539 U.S. at 11; *accord Johnson*, 701 F.3d at 248. In *Beneficial National Bank*, the plaintiffs brought claims against the defendant national bank in state court without any reference to federal law, claiming, among other things, "that the bank's interest rates were usurious." 539 U.S. at 4. The bank removed the action to federal court. *Id.* at 4-5. In analyzing whether removal was proper, the Supreme Court observed that "the dispositive question" is whether "the National Bank Act provide[s] the exclusive cause of action for usury claims against national banks? If so, then the cause of action necessarily arises under federal law and the case is removable. If not, then the complaint does not arise under federal law, and is not removable." *Id.* at 9. The Supreme Court held that "[b]ecause §§ 85 and 86 [of the National Bank Act] provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Id.* at 11. Thus, "[e]ven though the complaint makes no mention of federal law, it unquestionably and unambiguously claims that . . . [the bank] violated usury laws. This cause of action against national banks only arises under federal law and could, therefore be removed . . . ." *Id.*

Again, as best as this Court is able to tell, Mary K. Larson appears to be arguing that BOA's claims are completely preempted by the National Bank Act, but it is not clear how or why. Perhaps because BOA is a national banking association, Mary K. Larson believes that the National Bank Act must be applicable.[2] But, Mary K. Larson has

---

[2] Similarly, 28 U.S.C. § 1348, setting forth certain circumstances not present in this case in which federal courts have jurisdiction over civil actions involving national banking associations, is not applicable. *See* 28 U.S.C. § 1348 ("The district courts shall have original jurisdiction of any civil action commenced by the United States, or by

9

provided no authority showing that the National Bank Act provides the exclusive cause of action for BOA's claims regarding the recording and validity of mortgages, equitable liens, priority and judgments, and unjust enrichment. *See id.* at 9.

In sum, under the well-pleaded-complaint rule, there is no federal-question jurisdiction.

### B. Diversity of Citizenship, 28 U.S.C. § 1332

Mary K. Larson also identifies diversity as a basis for jurisdiction. Federal courts have original jurisdiction over civil actions involving citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Hubbard*, 799 F.3d at 1227 (quotation omitted).

The parties in this case consist of two national associations, BOA and Capital One; three individuals, Kirk D., Alexander, and Mary K. Larson; three limited liability companies, Midland Funding, Wireless Receivables, and Portfolio Recovery Associates; and one unknown "Minnesota entity," Property Investment Partners. In the order to show cause, the Court noted that there was "inadequate information in the record for the Court to determine whether complete diversity exists and § 1332 is a basis for removal in this

---

direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title 12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.").

matter" and directed the parties to provide additional information to the Court regarding citizenship.[3] (Order at 7-8.)

Ultimately, however, it is the citizenship of Kirk D., Alexander, and Mary K. Larson that is dispositive of the jurisdictional issue. "A civil action otherwise removable solely on the basis of . . . [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a *citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) ("[Section] 1441(b) bars removal on the basis of diversity if any party in interest properly joined and served as a defendant is a citizen of the State in which the action is brought.") (quotation omitted). This is known as the forum defendant rule. *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005).

BOA brought this action in state district court in Ramsey County, Minnesota. Kirk D., Alexander, and Mary K. Larson are all citizens of Minnesota. (Notice of Removal ¶¶ 1b, 2b; Alexander Larson's Answer ¶ 3, ECF No. 2; Kirk D. Larson's Answer to Compl. & Countercl. ¶ 2, ECF No. 3; Mary K. Larson's Answer to Compl. & Countercl. ¶ "2-12," ECF No. 4; Kirk D. Larson's Amended Answer, Affirmative Defenses & Countercl. ¶ 2, ECF No. 6; Mary K. Larson's Amended Answer to Compl. & Countercl. ¶ "2-12," ECF No. 12; Mary K. Larson's Second Amended Answer to Compl. & Countercl. ¶ "2-12," ECF No. 15.) There is no dispute that Kirk D., Alexander, and

---

[3] The Court also observed that it appeared the rule of unanimity and § 1446(b)(2)(A) have not been satisfied because, while Kirk D. and Alexander Larson, consented to removal of this matter, there was nothing indicating that Property Investment Partners, Midland Funding, Capital One, Wireless Receivables, and Portfolio Recovery Associates had consented to removal. (Order at 5-6.) *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."); *Valspar Corp. v. Sherman*, 211 F. Supp. 3d 1209, 1214-15 (D. Minn. 2016) ("Under th[is] 'rule of unanimity,' . . . it is well established that . . . all defendants in a multi-defendant case must consent to removal, or the case will be remanded.") (citing cases).

11

Mary K. Larson have been properly joined and served. Because at least these three defendants are citizens of Minnesota, where this action was initially brought, Mary K. Larson violated the forum defendant rule when she removed the action to federal court. *See* 28 U.S.C. §1441(b)(2).

Therefore, this Court may not exercise jurisdiction on the basis of diversity. Moreover, "the violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton*, 431 F.3d at 605 (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1996)); *accord Doe XY v. Shattuck-St. Mary's Sch.*, No. 13-cv-1749 (PJS/JSM), 2015 WL 269034, at *1 (D. Minn. Jan. 21, 2015) ("[T]he Court finds that remand cannot be avoided, because a violation of the forum-defendant rule is a jurisdictional defect that cannot be waived or overlooked as 'harmless.'").

Lastly, Kirk D. and Mary K. Larson have filed a number of non-dispositive motions: Kirk D. Larson's Motion to Strike Immaterial Matters (ECF No. 39); Mary K. Larson's Motion to Strike Immaterial Matters (ECF No. 42); and Mary K. Larson's Motion for Leave to Amend Pleading to Add Punitive Damages (ECF No. 53). Because the Court lacks jurisdiction over this matter, the Court further recommends that these motions be stricken.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **REMANDED** to state court for lack of jurisdiction. *See* 28 U.S.C. § 1447(c); *Doe XY*, 2015 WL 269034, at *2.

**IT IS FURTHER RECOMMENDED** that Kirk D. Larson's Motion to Strike Immaterial Matters (ECF No. 39); Mary K. Larson's Motion to Strike Immaterial Matters (ECF No. 42); and Mary K. Larson's Motion for Leave to Amend Pleading to Add Punitive Damages (ECF No. 53) be **STRICKEN**.

Date: December  19  , 2017                              *s/ Tony N. Leung*
                                                        Tony N. Leung
                                                        United States Magistrate Judge
                                                        District of Minnesota

                                                        *Bank of America v. Larson et al.*
                                                        Case No. 17-cv-931 (JRT/TNL)

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).